IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DARRY O. BARNES, | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 13-122-RGA |
| DONALD L. SHORT, | : | |
| Defendant. | : | |

Darry O. Barnes, James T. Vaughn Correctional Center, Smyrna, Delaware. Pro Se Plaintiff.

**MEMORANDUM OPINION**

May 3, 2013
Wilmington, Delaware

*[signature]*
ANDREWS, U.S. District Judge:

Plaintiff Darry O. Barnes, an inmate at the James T. Vaughn Correctional Center, Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983. He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5.) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff filed the instant Complaint on January 22, 2013. Plaintiff alleges that Defendant withheld monies from Plaintiff's pay that Plaintiff owed for child support, but Defendant did not forward the funds to the Division of Child Support. Plaintiff's previous cases, *Barnes v. Short*, Civ. No. 12-629-RGA, and *Barnes v. Short*, Civ. No. 12-1081-RGA, raised the same or similar claims against the same defendant. Civil No. 12-629-RGA case was dismissed on July 25, 2012 as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1) and Civ. No. 12-1081-RGA was dismissed on October 26, 2012 as malicious and frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* actions that are frivolous, malicious, or fail to state a claim. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28. "A separate standard for maliciousness is not as well established." *Abdul-Akbar v. Department of Corr.*, 910 F. Supp. 986 (D. Del. 1995), *aff'd*, 111 F.3d 125 (3d Cir. 1997). A court that considers whether an action is malicious must, in accordance with the definition of the term "malicious," engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure, or harass the defendant. *See Deutsch v. United States*, 67 F.3d 1080, 1086 (3d Cir. 1995). Other circuits have offered more objective instances of malicious claims. For example, a complaint is malicious when it "duplicates allegations of another [ ] federal lawsuit by the same plaintiff." *Pittman v. Moore,* 980 F.2d 994, 995 (5th Cir. 1993).

The instant complaint contains repetitive claims arising out of a common nucleus operative facts against the same defendant, even though those claims were dismissed in Civ. No. 12-629-RGA and Civ. No. 12-1081. It falls squarely in the category of malicious litigation. In addition, this Court dismissed the complaint in Civ. No. 12-629-RGA as frivolous. Although a dismissal pursuant to § 1915(e)(2)(B) is not a dismissal on the merits, "[i]t can have a res judicata effect on frivolousness determinations for future in forma pauperis petitions." *Denton v. Hernandez*, 504 U.S. 25, 34 (1992)(citations omitted). Plaintiff clearly raises the same allegations and, once again, proceeds *in*

2

*forma pauperis*. Therefore, the Court finds that the his claims are barred by reason of *res judicata* or claim preclusion.

The Complaint contains allegations that have no arguable basis in law or in fact and it will be dismissed as malicious and frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Amendment of the federal claims is futile. The District Court declines to exercise supplemental jurisdiction to the extent Plaintiff attempts to raise a state law claim. *See* 28 U.S.C. § 1367(c).

An appropriate order will be entered.